MICHAEL and ROSALIA REKECZKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rekeczky v. Commissioner
Docket No. 6320-80.
United States Tax Court
T.C. Memo 1981-238; 1981 Tax Ct. Memo LEXIS 509; 41 T.C.M. (CCH) 1481; T.C.M. (RIA) 81238; May 12, 1981. Michael Rekeczky, pro se. Gail Gibson, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 410 deficiency in petitioners' 1977 income tax. The sole issue for decision is whether payments received by petitioners from a pension plan were taxable income. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Michael and Rosalia Rekeczky, husband and wife, resided in Las Vegas, Nevada at *510 the time they filed their petition in this case. Each petitioner received $ 792 (as part of a lifetime annuity) in 1977 from the Southern Nevada Culinary and Bartenders Pension Trust (the "pension fund"), none of which petitioners reported as income on their 1977 joint income tax return. The pension fund was established under a collective bargaining arrangement between the local Culinary and Bartenders Union and the various employers in its jurisdiction. The pension fund is entirely funded through employer contributions. In his notice of deficiency, respondent determined that petitioners received $ 1,584 ($ 792 each) of taxable income from the pension fund. OPINION Amounts received from an employee's pension plan and trust such as the one here in question are generally taxable to the recipient employee in the year in which distributed or made available to the employee. Sec. 402(a)(1). [1] Section 72(a) includes in gross income amounts received under an annuity contract. Section 72(d) provides an exception to the rule in section 72(a) to the extent that a part of such payments represent consideration paid by the employee for the employee's annuity. *511 Since petitioners did not make any contributions to the pension fund, no part of the amounts received by petitioners in 1977 represent consideration paid by petitioners. Accordingly, petitioners must include in their income for 1977 the full amount of payments received from the pension fund. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩